IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-92-BO
No. 5:11-CV-641-BO

| | | |
|---|---|---|
| DERRICK LAMONT MASSENBURG, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 107]. The Government has moved to dismiss Petitioner's motion [DE 110], and the matter is ripe for ruling. For the reasons discussed below, the Government's motion is granted.

## BACKGROUND

Petitioner pleaded guilty without a plea agreement on November 17, 2008, to a four count indictment containing charges of conspiracy to commit armed bank robbery, armed bank robbery, carrying a firearm during a crime of violence, and escape. Petitioner was sentenced by this Court on February 9, 2009, to a total of 363 months' imprisonment. Petitioner appealed and his sentence was affirmed by unpublished per curiam opinion entered June 18, 2010. Petitioner's petition for writ of certiorari was denied by the Supreme Court on December 6, 2010. On November 9, 2011, Petitioner timely filed his motion for relief under 28 U.S.C. § 2255.

## DISCUSSION

Petitioner in his motion raises seven grounds for relief, each of which involve some form of ineffective assistance of counsel. In order to demonstrate that the assistance of his counsel

was ineffective, Petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Ground One

Petitioner's first ground for relief alleges that trial counsel was ineffective for failing to object to the Court's lack of discussion of the specific factors to be considered at sentencing provided by 18 U.S.C. § 3553(a). The Fourth Circuit has repeatedly held, however, that, while a sentencing court must consider the various § 3553(a) factors, it need not "robotically tick" through or "explicitly discuss" every subsection of the statute. *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006) (internal citations omitted). Petitioner cannot therefore demonstrate that counsel's performance in failing to challenge the Court's lack of discussion of § 3553(a) factors resulted in prejudice.

Grounds Two and Four

Petitioner's second and fourth grounds for relief concern his plea of guilty to escape contained in count four of his indictment. Specifically, Petitioner contends that his counsel was

2

ineffective for allowing Petitioner to plead guilty to count four and in not challenging the Court's failure to establish a sufficient factual basis to support Petitioner's plea of guilty to count four. Petitioner affirmatively admitted his guilt to all counts of the indictment following a Rule 11 colloquy wherein this Court inquired specifically as to Petitioner's satisfaction with his lawyer's representation and the knowing and voluntariness of Petitioner's plea. Additionally, absent "extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citation omitted).

Petitioner has made no showing of extraordinary circumstances upon which this Court could base a review of Petitioner's plea of guilt to count four. Although Petitioner submits that he is actually innocent of escape, Petitioner's affidavit states only the following: Petitioner was permitted to leave the custody of his half-way house in order to look for employment; Petitioner instead left the half-way house in order to rob a bank and was unable to return to the half-way house because he was in custody for bank robbery. Petitioner's physical inability to return to the half-way house does not serve as a basis for innocence of the charge of escape, which has generally been defined as "absenting oneself from custody without permission." *United States v. Bailey*, 444 U.S. 394, 407 (1980). Petitioner's own affidavit provides that he was given permission to leave the half-way house *to search for employment*; certainly Petitioner does not contend that he was permitted to leave the half-way house in order to commit armed robbery, a charge to which Petitioner has also pleaded guilty, and no prejudice could therefore result from counsel failing to challenge Petitioner's otherwise knowing and voluntary plea of guilt to count

3

four.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a court must find that a sufficient factual basis exists before it can enter judgment on a plea of guilty. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). The court need "only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Id.* In support of the escape charge, the Government provided that the Petitioner was lawfully confined to a half-way house at the direction of the Attorney General and by virtue of a judgment and commitment, that Petitioner had left the half-way house with permission to look for employment, and that Petitioner did not return to the half-way house at the prescribed time. As the Court found at Petitioner's plea hearing, the Court again finds that Government offered a sufficient factual basis for the charge of escape. Petitioner cannot therefore show either resulting prejudice or that counsel's performance was deficient in allowing him to plead guilty to count four or in failing to object to the Government's factual basis.

Grounds Three and Seven

Petitioner's third and seventh grounds for relief concern counts one and two of the indictment and the special assessments imposed as to each of those counts. Petitioner claims first that counsel was ineffective for allowing him to plead guilty to multiplicitous counts – conspiracy to commit armed bank robbery and armed bank robbery. However, "[i]t has been long and consistently recognized . . . that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946); *see also Callanan v. United States*, 364 U.S. 587, 593 (1961); *United States v. Love*, 767 F.2d 1052, 1062 (4th Cir. 1985). Petitioner cannot, therefore, show that prejudice

4

resulted from counsel allowing him to plead guilty to both conspiracy to commit armed bank robbery and armed bank robbery.

With regard to Petitioner's challenge to the Court's imposition of special assessments, the Court notes that the scope of a § 2255 proceeding is limited to challenges of a conviction or sentence by petitioners who claim the right to be released. 28 U.S.C. § 2255(a). Other courts have found that challenges with regard to fines or restitution amounts are not properly within the scope of a § 2255 proceeding, and this Court finds to no reason to hold that Petitioner's challenge to the imposition of special assessments should be viewed as a challenge to his conviction or sentence as provided for by § 2255. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (noting that each of the circuits to have considered the issue have found that § 2255 is unavailable to those who challenge only fine or restitution orders); *but see Weinberger v. United States*, 268 F.3d 346, 352 n.1 (6th Cir. 2001) (clarifying that in that circuit a petitioner may challenge a restitution amount on the basis of ineffective assistance of counsel). Accordingly, Petitioner cannot show that counsel's failure to object to the imposition of special assessments in any way resulted in prejudice to Petitioner, and his ineffective assistance claims as to these counts must fail.

Grounds Five and Six

Petitioner's fifth and sixth grounds for relief concern counsel's failure to object to the sentences he received on counts one and four. Petitioner was sentenced to sixty-three months on counts one, two, and four to run concurrently. Counts one and four of Petitioner's indictment carry a statutory maximum of sixty months imprisonment. Because the Court found specifically at the sentencing hearing that Petitioner's *gross* guideline range was sixty-three months plus 300

5

months, and ordered that each of the sentences imposed on counts one, two, and four would be served concurrently, the judgment properly reflects that Petitioner was sentenced to an aggregate sentence of sixty-three months' imprisonment on each of those counts. Accordingly, no prejudice resulted from counsel's failure to object to Petitioner's sentence as to counts one and four.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and the Government is entitled to dismissal of the petitions, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons discussed above, the Government's Motion to Dismiss is GRANTED and Petitioner's Motion under 28 U.S.C. § 2255 is DISMISSED. All other pending motions are DENIED AS MOOT.

SO ORDERED, this ___ day of March 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE